# REMOVAL EXHIBIT 1

# REMOVAL EXHIBIT 1

SERVICE OF PROCESS INFORMATION

Time and Date of Service

12-1-15  9:39 AM

Process Server's Name and Company

Deputy B. Lester #758 M.C.S.O.

Accepted by

Cynthia A. Tyzoff

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-75M-2/28/05 (43480658) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _Chancery_ DIVISION

(Name all parties)

LAURA L. STEWART

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

No. 2015CH16826
CALENDAR/ROOM 10
TIME 00:00
General Chancery

Please Serve:
Northwestern Mutual Life Insurance Company
720 E. Wisconsin Ave
Milwaukee, WI 53202

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 47988
Name: Malatesta Law Offices
Atty. for: Plaintiff
Address: 134 N LaSalle St. STE: 425
City/State/Zip: Chicago, IL 60602
Telephone: (312) 445-0541

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

DOROTHY BROWN NOV 17 2015
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Firm #: 47988

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| LAURA L. STEWART, Third Party Beneficiary Of David A. Stewart, the Insured, <br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, MICHAEL BARTENHAGEN, individually and as agent of NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: |

### COMPLAINT

NOW COMES, Plaintiff, LAURA L. STEWART, a Third Party Beneficiary of David A. Stewart, the Insured, ("Plaintiff"), and for her Complaint against Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (hereinafter "NWM" or "Defendant"), Plaintiff states as follows:

### THE PARTIES

1. Plaintiff is an Illinois resident currently living in Glen Ellyn, Illinois. From June 11, 2004 through September, 2012 Plaintiff resided in the Chicagoland area in Illinois.

2. Plaintiff's husband, David A. Stewart, died on or about September 5, 2012 in DuPage County, Illinois.

3. Upon information and belief, Defendant -- an insurance company – (also known as Northwestern Mutual), is a Wisconsin corporation, that maintains its principal place of business located at 720 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, and authorized to do business in the State of Illinois, DuPage County.

1

4. Michael Bartenhagen is a Financial Representative of the Effner Financial Group, authorized to act as an agent of Northwestern Mutual.

## GENERAL FACTS

5. On or about March 11, 2004, David A. Stewart (hereinafter "Insured") made an application for a life insurance policy with Defendant. The application was numbered by Defendant as 146642.

6. On or about March 11, 2004, Insured completed a paramedical examination at Defendant's request.

7. On or about March 15, 2004 Defendant received and processed Insured's application and paramedical examination.

8. On or about June 11, 2004 Defendant issued Insured a life insurance policy numbered 16770982 with a term of 20 years in the amount of $500,000.00.

9. Under the policy Insured was responsible for paying annually $1420 in premiums to Defendant.

10. Insured made all premium payments between June 2004 and June 11, 2012.

11. Sometime in May 2012 Insured made a payment to Defendant.

12. As of June 11, 2012 Insured and Plaintiff were not residing together in the same house.

13. Unbeknownst to Plaintiff, Defendant issued letters to Insured regarding the overdue premium for the year June 12, 2012 to June 11, 2013, which Insured failed to open.

14. Between January 2012 and September 5, 2012, Insured became ill with depression in need of psychiatric care and medication.

2

15. On or about the weekend of May 26th, 2012 Insured admitted himself to the hospital due to suicidal thoughts.

16. During the weekend of May 26th, 2012, after being admitted to the hospital, Insured was appointed a psychiatrist in the hospital.

17. On or about June 1, 2012 Insured was released from the hospital still under the supervision of physicians and on medication.

18. On September 5, 2012 Insured died.

19. On September 9, 2012 Plaintiff discovered various envelopes from Defendant had gone unopened. Plaintiff immediately opened them reading all letters and notices regarding unpaid premiums and cancellation of the policy, including a notice stating the Insured had until September 9, 2012 to reinstate the policy.

20. Northwestern Mutual, through its employees and agents, telephoned Plaintiff the morning of September 10, 2012 and instructed her to have a check for the past due amount of $1436.81 ready to be picked up from her home.

21. On September 10, 2012, Plaintiff met with Northwestern Mutual, through its employees or agents, namely Michael Bartenhagen, who took possession of Plaintiff's check and delivered the same to Defendant in its Milwaukee headquarters.

22. Sometime between September 10, 2012 and September 27, 2012 Defendant negotiated Plaintiff's check for $1436.81, and the check cleared Plaintiff's bank account.

23. On or about September 26, 2012 Defendant, through its employees or agents, telephoned Plaintiff informing her that the claim would not be honored.

3

24. On or about September 27, 2012 Defendant, through its employees or agents, issued a letter to Plaintiff denying reinstatement of the policy, denying the death benefit of the policy and attempting to refund Plaintiff's funds from the September 10, 2012 check.

## COUNT I
## BREACH OF CONTRACT

25. Plaintiff hereby restates and realleges paragraphs 1 through 24 of her Complaint as and for paragraph 2 of this Count I as fully set forth herein.

26. Defendant accepted Plaintiff's offer to reinstate Insured's policy when Defendant accepted Plaintiff's check on September 10, 2012 and then negotiated the check which completed Defendant's acceptance of Plaintiff's offer.

27. Defendant's subsequent notice to Plaintiff announcing the denial of reinstatement and denial of the death benefit constitutes a breach of the insurance contract.

28. Plaintiff, as successor to Insured, has been damaged as a result of Defendant's breach and is entitled to damages due to Defendant's breach.

**WHEREFORE**, Plaintiff, LAURA L. STEWART prays that this Court: (i) enter judgment in its favor and against the Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, in the minimum amount of $500,000.00, plus interest plus other damages to be proven at trial; (ii) costs and expenses; (iii) attorneys' fees; and (iv) all other relief which this Court deems just and equitable.

## COUNT II
## DECLARATORY ACTION

29. Plaintiff hereby restates and realleges paragraphs 1 through 28 of her Complaint as and for paragraph 29 of this Count II as fully set forth herein.

30. Section 357.5 of the Illinois Insurance Code states in relevant part:

4

*If any renewal premium be not paid within the time granted the insured for payment, a subsequent acceptance of premium by the company or by any agent duly authorized by the company to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy[.]*

31. In Illinois, an insurer waives a lapse of a policy and accepts a premium where it negotiates the insured's check and holds the check for longer than five working days.

32. Defendant accepted Plaintiff's check and negotiated the same on September 11, 2012.

33. Defendant held the payment from September 11, 2012 through September 27, 2012 while fully advised and with knowledge of the loss.

34. Under the provisions of Section 735 ILCS 5/2-701 of the Illinois Code of Civil Procedure, this Court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, including the construction of written contracts, and make a declaration of the rights of the interested parties.

**WHEREFORE**, Plaintiff, LAURA L. STEWART prays that the Court make the following declarations:

a. That Defendant reinstated the policy by accepting and negotiating Plaintiff's check;

b. That Plaintiff is the beneficiary of the Policy, No. 16770982;

c. That Defendant must pay the death benefits under the policy;

d. That Plaintiff is entitled to a 25% statutory award under 215 ILCS 5/154.8 of all amounts that this Court determines Plaintiff is entitled to recover;

e. That Plaintiff is entitled to her attorneys' fees and for such other and further relief as this Court may deem fit and proper.

## COUNT III
## PROMISSORY ESTOPPEL

5

46. Plaintiff hereby restates and realleges paragraphs 1 through 45 of her Complaint as and for paragraph 46 of this Count IV as fully set forth herein.

47. That Michael Bartenhagen individually and as an agent of NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY promised that the insurance policy would be reinstated if Laura Stewart had a check ready for him to pick up at her home.

48. Michael Bartenhagen expected Laura Stewart to issue such check to reinstate the policy.

49. Relying on Michael Bartenhagen's promise, Laura Stewart issued a check to Northwestern Mutual and hand delivered it to Michael Bartenhagen in her home.

50. Injustice can only be avoided by reinstating the policy and disbursing the death benefit under the policy.

## COUNT V
## BREACH OF A FIDUCIARY DUTY

51. Plaintiff hereby restates and realleges paragraphs 1 through 50 of her Complaint as and for paragraph 51 of this Count V as fully set forth herein.

52. Michael Bartenhagen was the Financial Representative of David Stewart's policy.

53. Michael Bartenhagen owed a fiduciary duty to Plaintiff to act at all times with the utmost care, honesty, and undivided loyalty in all his business dealings with Laura Stewart.

54. Michael Bartenhagen breached his fiduciary duty to Plaintiff by his acts described herein, including but not limited to those acts that were designed to encourage Plaintiff to issue the check.

55. Michael Bartenhagen further breached his fiduciary duty when he became aware or should have been aware of the lapse in the insured's Policy and failed to properly notify the Plaintiff within a reasonable time of the insured's Policy lapsing.

56. As a proximate result of Michael Bartenhagen's breach of fiduciary duty, Laura Stewart has been harmed as alleged herein in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000).

**WHEREFORE**, Plaintiff, LAURA L. STEWART prays that this Court: (i) enter judgment in its favor and against the Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, in the minimum amount of $500,000.00, plus interest plus other damages to be proven at trial; (ii) costs and expenses; (iii) attorneys' fees; and (iv) all other relief which this Court deems just and equitable.

Respectively Submitted,<br>
LAURA L. STEWART<br>
By: _____<br>
One of her Attorneys

Firm No. 47988
Michael J. Malatesta
MALATESTA LAW OFFICES, LLC
134 N. LaSalle Street, Suite 425
Chicago, Illinois 60602
(312) 445-0541 telephone
(312) 264-0650 facsimile

SERVED  12/01 20 15
0939 A.M. _____ P.M.
DAVID A. CLARKE JR
SHERIFF OF MILWAUKEE COUNTY
PER _____ 705
DEPUTY SHERIFF